JESSICA LINEHAN  SBN 223569
Dorsey & Whitney LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone: (714) 800-1400
Facsimile:  (714) 800-1499
E-Mail:     linehan.jessica@dorsey.com

EDWARD B. MAGARIAN
Admitted in State of Minnesota SBN 208796
Pro hac vice motion pending
SAM BOLSTAD
Admitted in State of Minnesota SBN 397387
Pro hac vice motion pending
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN  55402
Telephone: (612) 340-2600
Facsimile:  (612) 340-2868
E-Mail:     magarian.edward@dorsey.com
E-Mail:     bolstad.sam@dorsey.com
*Attorneys for Plaintiff U.S. Bank National Association*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. Bank National Association,<br><br>    Plaintiff,<br><br>v.<br><br>Cresset Capital Management LLC,<br>Cresset Asset Management,<br>Cresset Family Office, and<br>Michael Cole,<br><br>    Defendants. | CASE NO.  3:18-CV-05977-EMC<br><br>**STIPULATION TO ENTRY OF PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

The Motion for Temporary Restraining Order ("Motion") in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

2. "CONFIDENTIAL" MATERIAL

"Confidential," "Attorney's Eyes Only" (or "AEO") (collectively "Confidential Material" shall include the following documents and tangible things produced or otherwise exchanged:

   (a) documents containing protected customer information such social security numbers, bank account numbers, or financial information;

   (b) documents containing information internal business, sales, or marketing strategy;

   (c) documents containing non-public financial, marketing or business information; or

   (d) other documents not otherwise identified above which also contain trade secrets.

3. SCOPE

The protections conferred by this agreement cover not only "Confidential Material" (as defined above), but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Material.

However, the protections conferred by this agreement do not cover information that is in the public domain.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

   4.1 Basic Principles. A receiving party may use Confidential Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential Material only to:

(a)   the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c)   experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court, court personnel, and court reporters and their staff;

(e)   copy or imaging services retained by counsel to assist in the duplication of Confidential Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

(f)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information. Disclosure to the author or recipient shall be done solely for that person's review in the presence of counsel. The author or recipient shall not be provided any copies of the Confidential Material.

4.3   Disclosure of "ATTORNEYS EYES ONLY" (or "AEO") Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose Confidential Material designated Attorneys Eyes Only ("AEO") only to:

(a)   the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c)   experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court, court personnel, and court reporters and their staff;

(e) in connection with the motion for temporary restraining order, or in the alternative preliminary injunction, to Cole. Disclosure to Cole shall be done solely for Cole's review in the presence of counsel. Cole shall not be provided any copies of the Confidential Material.

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.

4.4 Filing Confidential or AEO Material. Before filing Confidential Material or discussing or referencing such Confidetial Material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

4.4 Admissibility of Designations. Confidentiality designations are admissible only for the purpose of enforcement of this Order and are not admissible for any other purpose.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   **Manner and Timing of Designations**. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)   **Information in documentary form:** (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" (or "AEO") to each page that contains Confidential Material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)   **Other tangible items:** the producing party must affix on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" (or "AEO" for "ATTORNEYS EYES ONLY"). If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3   **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. SERVING THIS PROTECTIVE ORDER ON A NON-PARTY.

A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order.

7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1     **Timing of Challenges.** Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Once a designation has been challenged, if the Designating party does not agree to the re-designation within five (5) business days, the parties must meet and confer with fifteen (15) days of the challenged designation.

7.2     **Meet and Confer.** The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3     **Judicial Intervention.** If the parties cannot resolve a challenge without court intervention within ten (10) days of the meet and confer, the objecting party may seek judicial intervention and failure to do so waives the objection. *See* Local Rule 37.1. The challenging party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 79-5, if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.4     **Non-Waiver.** Failure to challenge a Document's confidentiality designation does not constitute an admission or waive any arguments regarding the status of the documents or documents' content as trade secrets or protected information.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" (or "AEO"), that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Material may be affected.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or

agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential Material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 10/1/18                s/ _____
                                              Attorneys for Plaintiff

DATED: 10-1-18                s/ _____
                                              Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: _____

-8-
STIPULATION TO ENTRY OF PROTECTIVE ORDER

4830-7099-0197\3

                                                              _____
                                                              United States District Court Judge

STIPULATION TO ENTRY OF PROTECTIVE ORDER
4830-7099-0197\3

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued in the United States District Court for the Northern District of California on _____ in the case of *U.S. Bank National Association v. Cresset Capital Management, et al.* I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn or signed: _____

Printed Name: _____

Signature: _____